## ZARATE v. UNITED STATES.
### No. 5801.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1930.

Herbert S. Phillips and C. J. Hardee, both of Tampa, Fla., for appellant.

D. Heywood Hardy, Sp. Asst. to the Atty. Gen. (Wilburn P. Hughes, U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

Appellant, George Zarate, was convicted on an indictment, which charged him and Charles Wall with the unlawful sale of three ounces of morphine, on each of two dates, January 21 and January 29, 1928. On motion of the defendants, two other indictments were consolidated with the one on which he was convicted for purposes of trial. One of them charged a conspiracy between Zarate, Wall, and one Michael Gullo, to unlawfully sell and dispense morphine. Gullo was not on trial.

There are 97 assignments of error. Such a multiplication of assignments has been so frequently adversely criticized by appellate courts that it is hardly necessary to do so in this case. It is manifest that so many assignments, many of them frivolous and unnecessary, cannot be considered in detail. We will confine ourselves to the consideration of the errors that seem to be seriously urged.

Error is assigned to the denial of an instructed verdict. It is enough to say that there was sufficient evidence to support the verdict.

There was evidence on behalf of the government tending to show that a woman informer, who was also a drug addict, went to Tampa with a government agent on January 20, 1928, and got in touch with Wall by telephone. He called at a hotel, had a conversation with both of them, and gave her a note to Zarate with a list of addresses at which Zarate might be found. She presented the note, and bought three ounces of morphine from Zarate on January 21, 1928. Later, after an exchange of telegrams, the first one being sent to Wall, and the answer being signed Bud, a government agent purchased three additional ounces of morphine from Zarate on January 29, 1928. After that, purchases of morphine were made from Gullo.

The note, list of addresses, telegrams, and the substance of conversations with Wall and Gullo were offered in evidence. It is insisted that the admission of this evidence was error, on the theory that it was hearsay and made out of the presence of Zarate. It must be borne in mind that Wall and Zarate were on trial, not only for the substantive offense, but also for a conspiracy in which Gullo was also charged. Any statement made by any of the conspirators during the course of the conspiracy was admissible against all. The conspiracy, if one existed, was in active progress when the statements were made and the documents were executed. Furthermore, there is no doubt that all the defendants were acting in concert, and in such case any evidence that would tend to show the act of one or more of the defendants in furtherance of the common plan would be an act of all and admissible. Davis v. United States (C. C. A.) 12 F.(2d) 253.

Error is assigned to many portions of the general charge given and to the refusal of certain special requests. The only one of these assignments that we consider worthy of notice is the following. The court said:

"When you come to weigh the testimony of these defendants who have gone on the stand in their behalf you will treat them like any other witnesses; you will take into consideration their characters, take into consideration the interests they have, you will take into consideration their acts and doings while on the witness stand, you will take into consideration whether their testimony has been contradicted by others, in other words, treat them like any other witness."

It is argued that this portion of the charge had the tendency to reflect upon the good character of the defendants when they had not themselves put it at issue. We do not agree with this contention. The only possible objection there could be to the charge would arise from the sentence, "You will take into consideration their characters." This could not be construed as a statement by the court that he believed their characters to be bad. The charge made it reasonably clear to the jury that they were to be treated as any other witnesses having in mind the interest they

had in the outcome of the case. The charge was not prejudicial.

The record presents no reversible error. Affirmed.